# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

RHONDA HILL WILSON and
THE LAW OFFICE OF RHONDA
HILL WILSON, P.C.

     v.

HARTFORD CASUALTY CO.,

**No. 20-3124**

---

**No. 21-1038**

LH DINING L.L.C. D/B/A RIVER
TWICE

     v.

ADMIRAL INDEMNITY
COMPANY,

---

**No. 21-1039**

NEWCHOPS RESTAURANT
COMCAST LLC D/B/A CHOPS

     v.

ADMIRAL INDEMNITY
COMPANY,

---

**No. 21-1107**

ATCM OPTICAL, INC., OMEGA
OPTICAL, INC., OMEGA OPTICAL
AT COMCAST CENTER LLC

     v.

TWIN CITY FIRE INSURANCE
COMPANY,

---

| | |
|---|---|
| ADRIAN MOODY AND ROBIN JONES D/B/A MOODY JONES GALLERY | **No. 21-1106** |

v.

THE HARTFORD FINANCIAL GROUP, INC. AND TWIN CITY FIRE INSURANCE CO.

| | |
|---|---|
| 4431, INC., *et al.* | **No. 20-3594** |

v.

CINCINNATI INS. COMPANIES.

| | |
|---|---|
| INDEPENDENCE RESTAURANT GROUP D/B/A/ INDEPENDENCE BEER GARDEN ON BEHALF OF ITSELF AND ALL OTHERS SIMILARLY SITUATED | **No. _____** <br><br> E.D. Pa. No. 2:20-CV-02365 CFK (Appeal filed on Jan. 28, 2021, no number assigned yet) |

v.

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON;

| | |
|---|---|
| 1 S.A.N.T., INC. (a/k/a 1 SAINT, INC.) d/b/a TOWN & COUNTRY and d/b/a GATHERINGS BANQUET & EVENT CENTER, individually and on behalf of all others similarly situated, | **No. 21-1109** |

v.

BERKSHIRE HATHAWAY, INC.' and NATIONAL FIRE & MARINE INSURANCE COMPANY

## <u>MOTION OF PLAINTIFFS-APPELLANTS TO CONSOLIDATE APPEAL</u>

Pursuant to Federal Rules of Appellate Procedure 3(b)(2) and 27, plaintiffs appellants[1] move the Court to consolidate the eight above-captioned and related appeals (the Appeals). Consolidation will achieve significant efficiencies for the Court and the parties and facilitate certification to the Supreme Court of Pennsylvania the novel and determinative questions of Pennsylvania law that are at issue in each of the Appeals.[2]

Each of the Appeals arises out of claims by Pennsylvania businesses seeking insurance coverage for business-interruption losses resulting from the COVID-19 pandemic. The language in the governing insurance policies in the underlying cases is similar (and, in some instances, identical); each of the cases is governed by Pennsylvania law; and each case turns on the resolution of issues of Pennsylvania law that the Supreme Court of Pennsylvania has not specifically addressed in the

---

[1]    The plaintiffs-appellants in the Appeals proposed for consolidation are (1) Rhonda Hill Wilson, The Law Office of Rhonda Hill Wilson, (2) Newchops Restaurant Comcast LLC d/b/a Chops, (3) LH Dining LLC d/b/a River Twice, (4) ATCM Optical, Inc., Omega Optical, Inc., Omega Optical at Comcast Center LLC, (5) Adrian Moody and Robin Jones d/b/a Moody Jones Gallery, (6) 4431, Inc., (7) Independence Restaurant Group d/b/a Independence Beer Garden, and (8) 1 S.A.N.T. Inc.

[2]    The Court has already consolidated two of these Appeals *sua sponte*—*Newchops Rest. Comcast LLC d/b/a Chops v. Admiral Indem. Co*., No. CV 20-1869, 2020 WL 7395153 (E.D. Pa. Dec. 17, 2020); *LH Dining L.L.C. d/b/a River Twice v. Admiral Indemnity Company*, No. CV 20-1949, 2020 WL 7395153 (E.D. Pa. Dec. 17, 2020). *See* Nos. 21-1038, 1039, Order Consolidating Appeals (Jan. 8, 2021).

context of the COVID-19 pandemic. Accordingly, consolidation of the Appeals for briefing, argument, and disposition will achieve significant efficiencies in the consideration and disposition of the Appeals—including potentially through certification of the common legal questions at the core of the Appeals to the Supreme Court of Pennsylvania. For these reasons and those outlined further below, the Court should grant plaintiffs' motion to consolidate the above-captioned appeals.

## I.    PROCEDURAL BACKGROUND

The plaintiffs in the above-captioned appeals each brought suit against the defendant insurance companies providing their respective business interruption and business income loss coverage seeking to recover for losses they sustained as a result of the COVID-19 pandemic and subsequent government closure orders. The material provisions in the insurance policies at issue in each case use similar if not identical language, providing coverage for losses caused by "physical loss of or physical damage to" property. *See, e.g.*, *1 S.A.N.T., Inc. v. Berkshire Hathaway, Inc.*, No. 2:20-cv-862, 2021 U.S. Dist. LEXIS 8590, at *20 (W.D. Pa. Jan. 15, 2021) ("There is not coverage because there was no direct physical loss of or damage to the covered property."); *Newchops*, 2020 WL 7395153, at *4 ("The business income provision is triggered when there is a suspension of the insureds' operations caused by direct physical loss of or damage to the insured's property."); *ATCM Optical, Inc. v. Twin City Fire Ins. Co.*, No. 20-4238, 2021 U.S. Dist. LEXIS 7251, at *9 (E.D.

Pa. Jan. 14, 2021) ("The business income and extra expense provisions apply when business losses are caused by 'direct physical loss of or damage to property' of the insured.'"). Plaintiffs' claims for coverage thus turn on the correct interpretation of the disparate terms "physical loss" or "physical damage" to property in the governing policies.[3]

Additionally, many of the policies in these cases contain so-called "virus exclusions" that defendants raised as an alternative basis for their motions to dismiss. Some of the district courts in these cases based their rulings in whole or in part on those similarly worded "virus exclusions." *See, e.g.*, *Wilson et al. v. Hartford Cas. Ins. Co.*, No. 20-3384, 2020 WL 5820800 (E.D. Pa. Sept. 30, 2020) ("It is not necessary for the court to decide whether Plaintiffs' claims fall within the scope of coverage, because even assuming that it does, a virus exclusion applies here."). *See also LH Dining*, 2020 WL 7395153 (concluding "even if the insureds had suffered covered losses . . . the virus exclusion precludes coverage"); *ATCM Optical, Inc.*, 2021 U.S. Dist. LEXIS 7251 (concluding same); *Moody v. Hartford Fin. Grp., Inc.*,

---

[3]    In opposing the motions to dismiss, plaintiffs generally argued that fact questions were present, but no discovery occurred in these cases. The district courts dismissed the cases based not only on their interpretations of the policies but also on their perceptions of disputed facts, without a record having been developed.

No. 20-2856, 2021 U.S. Dist. LEXIS 7264 (E.D. Pa. Jan. 14, 2021) (concluding same).[4]

The Appeals arise out of the same operative facts. In each case, the plaintiff purchased and paid for business interruption coverage in their all-risk property insurance policies. Each plaintiff similarly was required to shut down, suspend and/or substantially modify its business operations by the entry of government closure orders issued by Pennsylvania Governor Wolf and local authorities. Each plaintiff thereafter submitted claims for coverage to one of the defendant-insurers, and the defendant-insurers uniformly rejected their claims based upon the insurers' coverage-defeating interpretation of the undefined policy term "physical loss" of property.[5] Defendants moved to dismiss plaintiffs' complaints in the underlying

---

[4]   Further, in several of these cases, the district courts foreclosed application of Pennsylvania's regulatory estoppel doctrine (as adopted in *Sunbeam Corp. v. Liberty Mutual Insurance Co.*, 781 A.2d 1189 (Pa. 2011)) to prevent enforcement of virus exclusions obtained through misrepresentations to insurance regulators on the basis that *Sunbeam* requires an insured to show its insurer took a position in litigation inconsistent with those misrepresentations. *See, e.g.*, *Newchops*, 2020 WL 7395153 at *10; LH Dining, 2020 WL 7395153, at *10 ("Even if [the Insurance Services Office's] statement [to regulators] was fraudulent or misleading, the insureds have not identified how Admiral's position contradicts ISO's earlier statements. . . . Therefore, the insureds have not stated a claim for regulatory estoppel."). The plaintiffs-appellants read no such "change in position" requirement in *Sunbeam*.

[5]   To be sure, there are some differences among the underlying cases in these appeals—plaintiffs include a number of different businesses, and the insurance policies at issue are not identical in every respect. But the material aspects of the record—the relevant policy language and the facts giving rise to plaintiffs' alleged losses—are for all intents and purposes the same.

actions on various grounds, including—uniformly—that plaintiffs' losses were not caused by "physical loss" or "physical damage" to property, as those terms should be construed under Pennsylvania law.

The district courts in the underlying cases acknowledged that the proper interpretation of the policy terms "physical loss" and "physical damage" in the relevant insurance policies was determinative of defendants' dismissal motions. *See*, *e.g.*, *Wilson v. Hartford Cas. Co.*, No. 20-3384, 2020 WL 5820800, at *4 (E.D. Pa. Sept. 30, 2020) ("[T]he suspension must be caused by direct physical loss of or physical damage to property at the scheduled premises, caused by or resulting from a Covered Cause of Loss."). And in each case, predicting under *Erie* how the Supreme Court of Pennsylvania would decide the "physical loss" issue, the district courts agreed with the respective defendants and granted their motions to dismiss. *See*, *e.g.*, *4431, Inc. v. Cincinnati Ins. Co.*, No. 5:20-cv-04396, 2020 WL 7075318, at *19 (E.D. Pa. Dec. 3, 2020) ("The Court finds that Plaintiffs are not entitled to coverage under the Policies, because their premises have not suffered a direct 'loss' as that term is unambiguously defined in the Policies: '[a]ccidental physical loss or accidental physical damage.'"); *Newchops*, 2020 WL 7395153 at *11; *LH Dining*, 2020 WL 7395153, at *11 ("[B]ecause they have not alleged facts showing damage to others' properties or 'a direct physical loss of or damage to' their own properties,

the insureds have not established coverage under the civil authority or the business income provisions.").

Plaintiffs appealed the district judges' rulings in favor of the defendant-insurers. Each plaintiff intends to challenge on appeal the district courts' uniform interpretation of "physical loss" under Pennsylvania law. In connection with their Appeals, plaintiffs anticipate asking the Court in short course to certify novel questions of Pennsylvania law (or questions like them) to the Supreme Court of Pennsylvania—questions that are determinative in these Appeals:

1.  Whether loss of the ability to use one's business property for its intended business purposes caused by a government order mandating the closure of property constitutes a covered "physical loss" within the meaning of an "all-risk" insurance policy?

2.  Whether loss of the ability to use one's business property for its intended business purposes caused by the suspected or actual presence of a potentially fatal and highly contagious virus such as the novel coronavirus constitutes a covered "physical loss" within the meaning of an "all-risk" insurance policy?

3.  Whether, in light of the various complaints' factual allegations that the government closure orders are the sole cause (or, alternatively, a concurrent cause) of the losses at issue, a purported "virus exclusion" nevertheless bars coverage?

4.  Whether the doctrine of regulatory estoppel as adopted in *Sunbeam Corp. v. Liberty Mutual Insurance Co.*, 781 A.2d 1189 (Pa. 2001) requires an insurer to take a position in litigation that is inconsistent with misrepresentations made by the insurance industry to a regulatory body in order to apply, as certain district courts have ruled, or whether the doctrine of regulatory estoppel precludes application of an insurance policy's exclusion of coverage where an insurer, or others on its behalf, misrepresents to insurance regulators the nature and scope of coverage under a policy in order to gain approval for a new exclusion

limiting the scope of that coverage, without a commensurate reduction in premiums?[6]

## II.    ARGUMENT

The Appeals implicate the same novel and controlling issues of Pennsylvania law regarding the proper interpretation of "physical loss" and "virus exclusions" in the context of the COVID-19 pandemic and associated government closure orders, including the viability of regulatory estoppel arguments for coverage in this setting. Consolidation is appropriate so that one panel of this Court can efficiently and authoritatively decide (i) whether to certify these novel and controlling questions to the Supreme Court of Pennsylvania and (ii) resolve the merits of plaintiffs' related appeals. Consolidation will achieve significant efficiencies both for the Court and the parties and help ensure a uniform resolution of the dispositive legal issues in these related appeals.

"When the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by" this Court. Fed. R. App. P. 3(b)(2). In "'assessing whether consolidation is appropriate in given circumstances,' a court 'should consider both equity and judicial economy.'" *Chem One, Ltd. v. M/V Rickmers Genoa*, 660 F.3d 626, 642 (2d Cir. 2011) (citation and internal quotation marks

---

[6]    The case for certification is compelling given the determinative nature of these novel questions of law in the extraordinary context of a global pandemic and a virus of still-largely unknown nature. The importance of the issues in these cases, for Pennsylvania businesses and their insurers alike, speaks for itself.

omitted). This Court consolidates appeals raising the same issues where consolidation will achieve efficiencies for the Court and the parties. *See, e.g.*, *United States v. Hird*, 913 F.3d 332, 337 (3d Cir. 2019) (consolidating multiple appeals in the interests of "efficiency"); *United States v. Grieme*, 128 F.2d 811, 813 (3d Cir. 1942); *Chem One*, 660 F.3d at 642 ("'[C]onsolidation should be considered when savings of expense and gains of efficiency can be accomplished without sacrifice of justice.'") (citation and internal quotation marks omitted).

As noted, the Appeals here implicate the same dispositive legal issues concerning the scope of insurance coverage for business losses caused by a "physical loss" and further involve the same basic operative facts regarding the nature and cause of those losses, *i.e.*, the occurrence of the COVID-19 pandemic and the entry of government shutdown orders. *Supra*. Consolidation for briefing, oral argument, and decision—as well as plaintiffs' impending request for certification to the Supreme Court of Pennsylvania—therefore will significantly reduce the burden of decision on this Court and achieve efficiencies for the parties as well.

Specifically, consolidation will significantly reduce the briefing submitted to the Court and avoid the submission of overlapping and even redundant briefing addressing the "physical loss" and other coverage issues under Pennsylvania law. Consolidation likewise will ensure that only one three-judge panel will need to invest resources in reviewing the scaled-down briefing, hearing any argument, and

deciding these similar Appeals, and it will minimize the prospect of different panels reaching inconsistent rulings on the dispositive coverage issues.

The prospect of inconsistent rulings is heightened in these Appeals, as evidenced by the rapidly evolving landscape of decisions on "physical loss"/business-interruption coverage issues across the country. Some courts have dismissed claims for coverage in these at the pleadings stage, *see*, *e.g.*, *Hillcrest Optical, Inc. v. Cont'l Cas. Co.*, No. 1:20-CV-275-JB-B, 2020 WL 6163142, at *8 (S.D. Ala. Oct. 21, 2020), while others have denied motions to dismiss, *see*, *e.g.*, *Elegant Massage, LLC v. State Farm Mut. Auto. Ins. Co.*, No. 2:20-CV-265, 2020 WL 7249624 (E.D. Va. Dec. 9, 2020). And some courts have granted summary judgment for insurers, *see*, *e.g.*, *BA LAX, LLC v. Hartford Fire Ins. Co.*, No. 20-cv-06344, 2021 U.S. Dist. LEXIS 10919 (C.D. Cal. Jan. 12, 2021), while others have granted summary judgment for policyholders. *See*, *e.g., Henderson Road Restaurant Sys., Inc. v. Zurich Am. Ins. Co.*, No. 1:20-CV-1239, 2021 WL 168422 (N.D. Ohio Jan. 19, 2021); *North State Deli, LLC v. The Cincinnati Ins. Co.*, No. 20-CVS-02569, 2020 WL 6281507 (Super. Ct., Durham Co., NC, Oct. 9, 2020).

At the same time, with respect to certification in particular, consolidation will prevent piecemeal motions for certification to the Supreme Court of Pennsylvania in these appeals—and thereby prevent the possibility of different panels of this Court certifying similar questions to the Supreme Court of Pennsylvania, and the Supreme

Court having to field those multiple certification requests.  It also will give the Supreme Court a fuller opportunity to address the coverage questions proposed for certification—including those relating to the "virus" exclusion and regulatory estoppel—and will, by operation of L.A.R. 110.1, stay each of the eight Appeals pending disposition by the Supreme Court.  Moreover, if accepted by the Supreme Court, a consolidated certification request likewise would reduce the decision costs for this Court by eliminating the need for an *Erie* prediction of unsettled principles of Pennsylvania law in each of the consolidated Appeals.

The impending request for certification in these Appeals is far from novel in the context of COVID-19 business-interruption coverage litigation—indeed, just last week, a federal district court in Ohio certified a question concerning the meaning of "physical loss" to property in a coverage case to the Supreme Court of Ohio, noting that the "question certified is the primary question driving resolution of this case." *See Neuro-Communication Services Inc. v. The Cincinnati Ins. Co.*, No. 4:20-CV-1275 (N.D. Ohio, Jan. 19, 2021) ("Under established Ohio principles of insurance policy interpretation, can the presence of SARS-CoV-2 cause direct physical loss or damage to property under [the policy]?") (Order of Certification to the Supreme Court of Ohio, attached hereto as Exhibit 1).  And, as noted, the case for certification is compelling here, particularly since, as Judge Dubois recently noted in declining to exercise jurisdiction in a declaratory judgment action, "Pennsylvania state courts

have not yet developed a body of case law applicable to the state law issues presented in this case." *V&S Elmwood Lanes, Inc. v. Everest Nat'l. Ins. Co.*, Case No. 20-03444, 2021 WL 84066 (E.D. Pa. Jan. 8, 2021) (DuBois, J.); *see also i2i Optique LLC v. Valley Forge Insurance*, No. 20-3360 (E.D. Pa. Jan. 27, 2021) (McHugh, J.) (Memorandum attached hereto as Exhibit 2).

Accordingly, consolidation would not result in any meaningful delay in the Appeals and would not prejudice the defendants, who have obtained dismissals of these suits against them. No briefing schedule has been issued in most of the Appeals and if this motion is granted, plaintiffs expect the Court to issue a briefing schedule in the consolidated cases forthwith.

## III.    CONCLUSION

The eight above-captioned Appeals are ideally suited for consolidation given their legal and factual similarities. In turn, consolidation of such a large number of cases indisputably will serve the interests of judicial economy and conserve the resources of the parties, while at the same time not prejudicing the parties or leading to any undue delay. The Court accordingly should grant this motion and consolidate the Appeals for briefing, argument, and disposition.

Respectfully Submitted,

/s/ Rhonda Hill Wilson, Esq.
Rhonda Hill Wilson, Esquire
Law Office of Rhonda Hill Wilson,
P.C.
1628 John F. Kennedy Boulevard
Suite 400
Philadelphia, Pa. 19103
(215) 972-0400
rhwilson@philly-attorney.com

Arnold Levin, Esquire
Laurence S. Berman, Esquire
Frederick S. Longer, Esquire
Daniel C. Levin, Esquire
Keith J. Verrier, Esquire
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3697
Telephone: (215) 592-1500
Facsimile: (215) 592-4663
alevin@lfsblaw.com
lberman@lfsblaw.com
flonger@lfsblaw.com
dlevin@lfsblaw.com
kverrier@lfsblaw.com

Richard M. Golomb, Esquire
Kenneth J. Grunfeld, Esquire
**GOLOMB & HONIK, P.C.**
1835 Market Street, Suite 2900
Philadelphia, Pennsylvania 19103
Telephone: (215) 346-7338
Facsimile: (215) 985-4169
rgolomb@GolombHonik.Com
KGrunfeld@GolombHonik.Com

W. Daniel "Dee" Miles, III
Rachel N. Boyd
Paul W. Evans
**BEASLEY,      ALLEN,      CROW,
METHVIN, PORTIS & MILES, P.C.**
P.O. Box 4160
Montgomery, Alabama 36103
Telephone: (334) 269-2343
Facsimile: (334) 954-7555
Dee.Miles@BeasleyAllen.com
Rachel.Boyd@BeasleyAllen.com
Paul.Evans@BeasleyAllen.com

*Counsel for Plaintiffs Newchops
Restaurant Comcast LLC d/b/a Chops,
LH Dining, LLC d/b/a River Twice*

*Restaurant, Adrian Moody and Robin Jones d/b/a Moody Jones Gallery, ATCM Optical, Inc., Omega Optical, Inc., and Omega Optical at Comcast Center LLC*

Gary F. Lynch, Esquire
Kelly K. Iverson, Esquire
**CARLSON LYNCH, LLP**
1133 Penn Ave., Fl. 5
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
glynch@carlsonlynch.com
kiverson@carlsonlynch.com

James C. Martin, Esquire
George L. Stewart, Esquire
Colin E. Wrabley, Esquire
Matthew J. Louik, Esquire
Elizabeth L. Taylor, Esquire
**REED SMITH LLP**
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-2063
jcmartin@reedsmith.com
gstewart@reedsmith.com
cwrabley@reedsmith.com
mlouik@reedsmith.com
etaylor@reedsmith.com

*Counsel for Plaintiff 1 S.A.N.T. (a/k/a 1 SAINT, Inc.) d/b/a Town & Country and d/b/a Gatherings Banquet & Event Center*
Robert Freedberg, Esq.
Christian M. Perrucci, Esq.
**Florio Perrucci Steinhardt Cappelli Tipton & Taylor LLC**
60 W. Broad Street, Suite 102
Bethlehem, PA 18018
(610) 691-7900 (phone)
(610) 691-0841 (fax)
rfreedberg@floriolaw.com
cperrucci@floriolaw.com

*Counsel for Plaintiffs 4431 Inc.*

Alan M. Feldman
Daniel J. Mann
Edward S. Goldis
Andrew K. Mitnick
Bethany R. Nikitenko
**FELDMAN SHEPHERD
WOHLGELERNTER
TANNER WEINSTOCK & DODIG,
LLP**
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
T: (215) 567-8300
F: (215) 567-8333
afeldman@feldmanshepherd.com
dmann@feldmanshepherd.com
egoldis@feldmanshepherd.com
amitnick@feldmanshepherd.com
bnikitenko@feldmanshepherd.com

James A. Francis
John Soumilas
**FRANCIS MAILMAN SOUMILAS,
P.C.**
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: (215) 735-8600
F: (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com

*Counsel for Independence Restaurant
Group d/b/a Independence Beer
Garden o/b/o itself and all others
similarly situated*

**Dated: January 29, 2021**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 29th day of January, 2021, I caused a

true and correct copy of the foregoing Motion of Plaintiff-Appellants to

Consolidate Appeal to be serviced via ECF upon all counsel of record.


*/s/ Rhonda Hill Wilson, Esq.*
Rhonda Hill Wilson, Esq.
Law Office of Rhonda Hill Wilson, P.C.
1628 John F. Kennedy Blvd.
Eight Penn Center, Suite 400
Philadelphia, Pa 19103
rhwilson@philly-attorney.Com

*Counsel for Plaintiffs Rhonda H. Wilson,
Esq. and Law Offices of Rhonda Hill
Wilson, P.C.*