


Wiggin and Dana LLP
One Century Tower
265 Church Street
New Haven, Connecticut
06510
www.wiggin.com

David R. Roth
203.498.4394
203.782.2889 fax
droth@wiggin.com

Via CM/ECF

July 24, 2023

Patricia S. Dodszuweit
Circuit Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re: *Wilson v. USI Insurance Services, LLC*, Nos. 20-3124, 21-1106, 21-1107, 21-1240

Dear Ms. Dodszuweit:

I write to respond to 1 S.A.N.T.'s Rule 28(j) letter regarding the Supreme Court of Pennsylvania's allowance of appeal in *MacMiles, LLC d/b/a Grant Street Tavern v. Erie Insurance Exchange*, No.307 WAL 2022 (Pa.), and *Ungarean v. CNA & Valley Forge Insurance Co.*, Nos. 313 & 314 WAL 2022 (Pa.). Plaintiffs ask this Court to continue to hold the mandate in the above-captioned cases until *MacMiles* and *Ungarean* are decided. Given the ordinary duration of cases in the Supreme Court of Pennsylvania, that request would effectively stay these cases (as well as the dozens of other cases that are now stayed under this Court's stay order) until at least 2025, five years after the first notices of appeal were filed. For the reasons discussed in our prior filings, *see* Opp'n to Plaintiffs-Appellants' Renewed Mot. to Certify or Stay, Doc. No. 163, Case No. 20-3124, *MacMiles* and *Ungarean* provide no reason to stay the mandate in these cases indefinitely.

First, as of today, twelve state supreme courts and the highest court of the District of Columbia have considered claims—like Plaintiffs'—that a policyholder's inability to use its property due to government COVID-19 orders amounts to "physical loss of" that property. All thirteen have rejected that argument. *See Schleicher & Stebbins Hotels, LLC v. Starr Surplus Lines Ins. Co.*, --- A.3d ----, 2023 WL 3357980, at *8 (N.H. May 11, 2023) (citing cases). There is no good reason to think that Pennsylvania will disagree with this unanimous consensus.

Second, the policy at issue in the four above-captioned cases contains a virus exclusion that is not at issue in *MacMiles* or *Ungarean*. No matter what the Supreme Court ultimately says about the meaning of "physical loss" of property, that exclusion unambiguously bars coverage. These cases should not be stayed indefinitely to await a far-off decision that will not even affect these cases' outcome.

For these reasons, Hartford Casualty Insurance Co. and Twin City Fire Insurance Co. respectfully request that the Court promptly issue the mandate for its January 6 decision.






Sincerely,

/s/ *David R. Roth*
David R. Roth
Counsel for Hartford Casualty Insurance Co. and Twin City Fire Insurance Co.

cc: Parties of record via ECF